NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHOU QIANG XIE, | No. 20-72402 |
| Petitioner, | Agency No. A201-456-551 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 13, 2021[**]
Honolulu, Hawaii

Before: O'SCANNLAIN, MILLER, and LEE, Circuit Judges.

Shou Qiang Xie petitions for review of an order of the Board of Immigration

Appeals dismissing his appeal from an immigration judge's denial of his

application for asylum and withholding of removal. (Xie also sought relief under

the Convention Against Torture, but the Board found that he did "not meaningfully

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision

challenge" the immigration judge's denial of such relief, and he does not seek review of that determination here.) We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

Substantial evidence supports the agency's adverse credibility finding. *See Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). First, the agency reasonably concluded that Xie's voluntary return to China in 2015 following his vacation to South Korea diminished the credibility of his fear of persecution. *See Loho v. Mukasey*, 531 F.3d 1016, 1018–19 (9th Cir. 2008). Second, the agency made the "reasonable assumption based in common sense" that it was implausible that Xie's wife became pregnant in 2018 despite having an intrauterine device. *See Lalayan v. Garland*, 4 F.4th 822, 834–35 (9th Cir. 2021). Xie had relied on his wife's 2018 pregnancy as a basis for his continuing fear of persecution. Third, Xie's testimony that he and his wife were in hiding at his mother-in-law's house until the birth of his second child was inconsistent with his testimony that his wife visited public hospitals during that time for tests and examinations, which the agency found "undermined not only [Xie's] overall credibility, but also his claim that local officials strictly enforced violations of [population-control] policies." Because the adverse credibility finding is supported by the record, we are not compelled to accept Xie's testimony as true. *See Jie Cui v. Holder*, 712 F.3d 1332,

---

without oral argument. *See* Fed. R. App. P. 34(a)(2).

1338 (9th Cir. 2013).

Substantial evidence also supports the agency's determination that Xie did not independently establish his claims through corroborating evidence. *See Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017); *Ling Huang v. Holder*, 744 F.3d 1149, 1155–56 (9th Cir. 2014).

The motion for a stay of removal (Dkt. No. 1) is denied as moot.

**PETITION DENIED.**